TAD/MKD/WTG/APS                                                              2018S-5001

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SUSAN E. GITELSON, Special Administrator
of the Estate of ABDISHAKUR MOHAMED
SHAHAAD, Deceased,

        Plaintiff,

    v.                              No.

THE BOEING COMPANY, a corporation,      **PLAINTIFF DEMANDS TRIAL BY JURY**

        Defendant.

**COMPLAINT AT LAW**

Plaintiff, SUSAN E. GITELSON, Special Administrator of the Estate of ABDISHAKUR MOHAMED SHAHAAD, deceased, by and through her attorneys, CORBOY & DEMETRIO, P.C., complaining of defendant, THE BOEING COMPANY, a corporation (hereinafter "BOEING"), states:

### JURISDICTION AND VENUE

1. The Plaintiff-Administrator is a citizen of the United States and a resident of Illinois.

2. Plaintiff's Decedent, Adbishshakur Mohamed Shahaad, was a citizen of Kenya.

3. Boeing is, and was at the time of the Ethiopian Air Flight No. 302 crash on March 10, 2019, a citizen of the State of Illinois, maintaining its principal place of business in Illinois. At all relevant times, Boeing was authorized to do business and has been transacting business in the State of Illinois.

4. Ethiopian Air Flight No. 302 attempted to fly passengers between Ethiopia and Kenya, both of which are signatories to the Montreal Convention. Because more than 75 persons died at the same location as a result of the subject air disaster this action is governed by the Multi-

Forum Multi-Jurisdiction Act, 28 U.S.C. § 1369, and this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. This Court also has subject matter jurisdiction of this dispute pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the jurisdictional minimum of this Court.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendant Boeing is a resident of this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Boeing's corporate leadership in Chicago made critical determinations regarding the development of the 737 MAX 8, the certification of the 737 MAX 8, the disclosures regarding the 737 MAX 8 made to airlines, and the actions and response in the wake of the Lion Air Flight JT 610 crash, involving another 737 MAX 8.

## COUNT I
**Wrongful Death - Product Liability**

7. On March 10, 2019, a Boeing 737 MAX 8, designated Ethiopian Air Flight No. 302, crashed shortly after takeoff near Bishoftu, Ethiopia. All one-hundred-fifty-seven (157) people on board perished.

8. Prior to March 10, 2019, BOEING designed, manufactured, distributed, sold, and delivered aircraft with associated manuals.

9. Plaintiff's Decedent, Abdishakur Mohamed Shahaad, was one of the passengers aboard said plane.

10. On March 10, 2019, a malfunction in the 737 MAX 8's AOA sensor fed information to its MCAS which triggered a dangerous and unnecessary activation of the MCAS system at low altitudes, causing the plane's nose to pitch down repeatedly, resulting in the eventual crash.

11. On March 10, 2019, and at the time it left BOEING's control, said 737 MAX 8 Aircraft was unreasonably dangerous in one or more of the following respects:

    a. It was susceptible to disaster due to the potential of a malfunctioning angle of attack sensor that sends incorrect data to its Maneuvering Characteristics Augmentation System (MCAS) causing the plane's nose to tilt downwards;

    b. The AOA sensors placed on the aircraft provided inaccurate, improper and inadequate data to its flight control system;

    c. Its MCAS inadequately, untimely and/or improperly engaged;

    d. Its MCAS and flight control system inadequately and/or improperly failed to respond to pilot input or commands;

    e. It did not provide pilots with adequate warning regarding the 737 MAX 8's MCAS and the risk of an automated dive without any command from a pilot;

    f. Its MCAS was controlled by a single AOA sensor, which was susceptible to failure without redundant systems;

    g. It was not equipped with AOA indicators and/or AOA disagree lights as standard features rather than optional upgrades;

    h. Its MCAS initiated a dangerous automated dive without any command from a pilot and without a means to promptly override the automated dive; and

    i. It was delivered to airlines with a materially different flight control system than the one presented to the FAA during mandatory certification.

12. As a proximate result of one or more of said unreasonably dangerous conditions, Plaintiff's Decedent was killed.

13. Plaintiff's Decedent left surviving as his heirs and next of kin Hafsa Mohamoud Osman, (widow), Abdifatah Abdshakur Mohamed (surviving minor son), Halan Abdishakur Mohamed (surviving minor daughter), and Hana Adishakur Mohamed (surviving minor daughter), each of whom has suffered personal and pecuniary damages, including grief, sorrow and loss of society.

14. Susan E. Gitelson is the duly appointed Special Administrator of the Estate of Abdishakur Mohamed Shahaad, deceased, by order of the Circuit Court of Cook County, Illinois, and she brings this action against BOEING, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/2.1, *et seq.* (See Exhibit A attached hereto).

WHEREFORE, Plaintiff, Susan E. Gitelson, Special Administrator of the Estate of Abdishakur Mohamed Shahaad, deceased, demands judgment against defendant, Boeing, and in Plaintiff's favor for damages, costs, fees, and all other awards deemed just. Plaintiff further demands a trial by jury.

## Count II
**Wrongful Death - Negligence**

15. On March 10, 2019, a Boeing 737 MAX 8, designated Ethiopian Air Flight No. 302, crashed shortly after takeoff near Bishoftu, Ethiopia. All one-hundred-fifty-seven (157) people on board perished.

16. Prior to March 10, 2019, BOEING designed, manufactured, distributed, sold, and delivered aircraft with associated manuals.

17. Plaintiff's Decedent, Abdishakur Mohamed Shahaad, was one of the passengers aboard said plane.

18. On March 10, 2019, a malfunction in the 7373 MAX 8's AOA sensor fed information to its MCAS which triggered a dangerous and unnecessary activation of the MCAS system at low altitudes, causing the plane's nose to pitch down repeatedly, resulting in the eventual crash.

19. On and before March 10, 2019, BOEING, by and through its agents and employees, was negligent in one or more of the following respects:

   a. It concealed the risks associated with the MCAS and the inherent defects in its design and operation of the crashed aircraft;

   b. It failed to adequately warn and/or alert airlines and pilots of its new MCAS;

   c. It failed to adequately warn and/or alert airlines and pilots of the potential for damage to the wiring of the angle of attack sensor by a foreign object;

   d. It failed to warn and/or alert airlines and pilots that a malfunctioning angle of attack sensor on the 737 MAX 8 would send incorrect data to the MCAS system;

   e. It failed to provide adequate data, information and/or specifics of the operation mode and/or characteristics of its new MCAS installed in the 737 MAX 8;

   f. It failed to provide adequate instructions and/or guidance to operators of the aircraft as to appropriate pilot response to an activation of the MCAS;

   g. It failed to provide adequate instruction and/or guidance to operators of the aircraft as to appropriate pilot response to disengage its new MCAS;

   h. It failed to ground its 737 MAX 8 aircraft following the October 29, 2018 crash of Lion Air Flight 610 that killed 189 people when another Boeing 737 MAX 8 flew into the Java Sea off the Indonesian coast 12 minutes after takeoff;

   i. It failed to properly warn pilots, airlines and the public of the risk of malfunctioning AOA sensors and automated MCAS dives following the crash of Lion Air Flight JT 610 when Boeing knew or should have known that the AOA sensor and the MCAS were likely the cause of the Lion Air Flight JT 610 crash;

   j. It failed to properly warn pilots, airlines and the public of the dangers associated with its 737 MAX 8 when it knew or should have known after the crash of Lion

        Air Flight JT 610 that the 737 MAX 8 was susceptible to disaster due to the potential malfunction of an AOA sensor sending incorrect data to its MCAS, thereby causing the nose of the airplane to dive and crash;

k. It failed to promptly issue a software patch to address the risk of malfunctioning AOA sensors and automated MCAS dives following the October 29, 2018 crash of Lion Air Flight JT 610;

l. It failed to provide adequate warning with regard to the 737 MAX 8's MCAS and the risk of an automated dive without any command from a pilot;

m. It failed to properly train pilots on the new automated MCAS systems on the 737 MAX 8;

n. It failed to properly train pilots to identify an AOA sensor failure and MCAS input;

o. It failed to install as standard an AOA indicator or disagree light, which would have indicated to the pilot what data the AOA sensors were receiving and whether that data contradicted the data other AOA sensors were receiving, and, instead, only made those features available as optional add-ons for an extra cost;

p. It failed to properly warn pilots, airlines and the public of the dangers associated with its 737 MAX 8 when it knew or should have known that pilots of the 737 MAX 8 would not be able to control the 737 MAX 8 airplanes if the MCAS was activated due to a malfunctioning AOA sensor; and

q. It developed safety features to avoid the risk of a failing AOA sensor causing the MCAS to activate, however, did not make those features standard and made them available only as optional add-ons for an extra cost.

20. As a proximate result of one or more of said acts or omissions, Plaintiff's Decedent was killed.

21. Plaintiff's Decedent left surviving as his heirs and next of kin Hafsa Mohamoud Osman, (widow), Abdifatah Abdshakur Mohamed (surviving minor son), Halan Abdishakur Mohamed (surviving minor daughter), and Hana Adishakur Mohamed (surviving minor daughter), each of whom has suffered personal and pecuniary damages, including grief, sorrow and loss of society.

22. Susan E. Gitelson is the duly appointed Special Administrator of the Estate of Abdishakur Mohamed Shahaad, deceased, by order of the Circuit Court of Cook County, Illinois, and she brings this action against BOEING, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/2.1, *et seq.* (See Exhibit A attached hereto).

WHEREFORE, Plaintiff, Susan E. Gitelson, Special Administrator of the Estate of Abdishakur Mohamed Shahaad, deceased, demands judgment against defendant, Boeing, and in Plaintiff's favor for damages, costs, fees, and all other awards deemed just. Plaintiff further demands a trial by jury.

_____
Thomas A. Demetrio

Thomas A. Demetrio
Michael K. Demetrio
William T. Gibbs
Andrew P. Stevens
CORBOY & DEMETRIO, P.C.
Attorneys for Plaintiff
33 North Dearborn Street, 21st Floor
Chicago, Illinois 60602
(312) 346-3191
Firm I.D. No. 109
Primary E-Mail: ccfiling@corboydemetrio.com